## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MANINDER SINGH,                           )
                                          )
        Petitioner,               )
                                          )
v.                                        )    Case No. CIV-26-43-J
                                          )
PAMELA BONDI, et al.,                     )
                                          )
        Respondents.              )

## <u>ORDER</u>

Petitioner Maninder Singh, a noncitizen from India, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to immediately release Petitioner. (Rep. & Rec.) [Doc. No. 12]. Respondents filed a timely objection (Obj.) [Doc. No. 13]. To the extent Respondents address specific issues, de novo review is triggered. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). On findings that Respondents did not address, de novo review is not warranted, and the Court reviews the Report and Recommendation only "to confirm that there is no clear error on the face of the record." *Strange v. Oklahoma*, No. CIV-23-172-J, 2023 WL 4086039, at *1 (W.D. Okla. June 20, 2023) (cleaned up) (applying de novo review only "to those findings on which [the party] specifically objected"). Petitioner did not object and did not trigger de novo review.

For the reasons discussed below, the Report and Recommendation is ADOPTED, and the Petition is GRANTED to the extent it alleges Petitioner's arrest without a warrant violated federal law.

## I.    Background

Petitioner entered the United States in March 2022.  Shortly thereafter, Petitioner was detained by Immigration and Customs Enforcement (ICE).  He was released on bond on March 28, 2022 and in July 2022, he filed a Form I-589 asylum application.  ICE re-apprehended Petitioner on or around December 4, 2025 without a warrant.

While detained at the Cimarron Correctional Facility in the Western District of Oklahoma, Petitioner filed his Petition, asserting, in relevant part, that his warrantless arrest violated the Immigration and Nationality Act (INA).[1]

## II.    Report and Recommendation

Upon review, Judge Maxfield concluded that (1) this Court has jurisdiction to consider Petitioner's claims, (2) 8 U.S.C. § 1226(a) applies in this circumstance, and (3) Petitioner was arrested without a warrant in violation of that statute.  *See* Rep. & Rec. at 5-26.[2]  Although Judge Maxfield recommends granting relief and releasing Petitioner, she finds that the Court should deny Petitioner's related request to suppress any evidence obtained during his arrest.  *See id.* at 26-27.

## III.    Analysis

### A.    Jurisdiction

Respondents do not challenge Judge Maxfield's finding that this Court has jurisdiction. *See* Obj., *passim*.  Finding no clear error on the face of the record, this portion of the Report and Recommendation is ADOPTED.

---

[1] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims.

[2] Page citations refer to this Court's CM/ECF pagination.

**B.    8 U.S.C. § 1225(b)(2)(A) v. § 1226(a)**

Regarding the merits of Petitioner's INA claim, Respondents object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention.  Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission.  Their theory turns on two points.  First, they suggest that *any* non-legal resident is seeking admission by virtue of being in the United States.  Second, Respondents argue that Petitioner specifically is seeking admission because he filed a Form I-589 asylum application.

The first objection needs little discussion.  This Court has previously joined the majority of courts, both in this circuit and nationally, in holding that a noncitizen is not "seeking admission" (and thus not an applicant for admission), as defined in § 1225(b)(2)(A), simply because he entered the United States.  *See Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295, at *2 (W.D. Okla. Feb. 17, 2026) (collecting cases); *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *2 (W.D. Okla. Jan. 21, 2026) (same).  While the Court has reviewed and considered Respondents' arguments to the contrary, it is unpersuaded that its prior holdings were in error and further analysis would be of negligible benefit.

In their second objection, Respondents assert that Petitioner is seeking admission because he filed a Form I-589 asylum application during his removal proceedings.  *See* Obj. at 15-16.  But this Court has previously rejected a similar argument.  *See Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *4 (W.D. Okla. Dec. 2, 2025).  There the Court noted that although many petitioners "have not been lawfully admitted and at various times took some action that would allow them to lawfully remain in the United States, these actions were taken outside the context of § 1225(b)(2)'s seeking admission requirement" because "they did not involve a preliminary examination by an examining immigration officer upon initial entry to the United

States . . . ." *Id.* (cleaned up) (citing *P.R.S. v. Streeval*, No. 4:25-cv-343-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025)); *see also, e.g., Wang v. Lyons*, No. 25-CV-10794-WHO, 2026 WL 147703, at *6 (N.D. Cal. Jan. 20, 2026) (noting, without discussion, that immigrant had filed a Form I-589 for asylum and concluding that immigrant was not "seeking admission" as defined in § 1225(b)).

In sum, the Court, on de novo review, ADOPTS Judge Maxfield's finding that § 1226(a), rather than § 1225(b)(2)(A), controls in this situation.

### C.    Petitioner's Warrantless Arrest

Having found that § 1226(a) controls Petitioner's detention, Judge Maxfield recommends that the Court grant him habeas relief as he was arrested without a warrant. *See* Rep. & Rec. at 26-27; *see also* § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). However, she recommends the Court reject Petitioner's request to have any evidence obtained during the arrest suppressed. *See* Rep. & Rec. at 27. Neither Petitioner nor Respondents object to these specific findings, and finding no clear error on the record, Judge Maxfield's recommendation is ADOPTED.

## IV.    <u>Conclusion</u>

For the reasons above, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 12] on both de novo and non-de novo review and GRANTS Petitioner's Petition in so far as it alleges that he was arrested without a warrant in violation of the INA. The Court ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision, and ORDERS Respondents to certify compliance by filing a

status report affirming that Petitioner has been released from custody within five business days, or no later than February 27, 2026.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of February, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE